# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN 14 P 3: 34

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | |
|---|---|
| RONALD LUBER | * |
| Plaintiff | * |
| v | *     Civil Action No. JKB-14-001 |
| ANNE ARUNDEL COUNTY, MD and LAURA A. NEUMAN | * |
| | * |
| Defendants | |

\*\*\*

## MEMORANDUM

The above-captioned case was filed on January 2, 2014, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion shall be granted. For the reasons set forth below, the complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2).

The self-represented complaint concerns plaintiff's claims regarding the failure of Anne Arundel County officials to enforce licensing requirements for drivers operating taxi-cabs from the cab stand at the BWI Amtrak station. Plaintiff claims that there is an atmosphere of violence and lawlessness among certain cab drivers who station themselves at the BWI Amtrak stand which violates County Code requirements for the operation of a taxi in Anne Arundel County. Specifically, plaintiff alleges that cab drivers at the front of the line of taxis parked there improperly refuse fares to patrons who are not traveling a great distance and instead hold out for larger fares. Meanwhile, other cab drivers who are not engaging in that conduct are forced to wait in the back of the line and do not get higher paying fares. Plaintiff claims the practices have spawned physical confrontations among cab drivers stationed there and that the stress of the atmosphere, coupled with the County's repeated refusal to take corrective action, has forced him

to work at less lucrative cab stands in violation of his due process rights. In addition, plaintiff claims he is discriminated against as a member of a class (cab drivers) in violation of the Equal Protection clause. Plaintiff asserts he has been deprived of a safe work environment and a means by which to earn a living as a result of defendants' failure to take corrective action regarding the practices in place at the BWI Amtrak cab stand. ECF No. 1.

The complaint fails to state a federal claim. To the extent plaintiff is seeking to require the County to enforce existing laws, this court does not have jurisdiction to require state agencies to perform functions assigned to them by the state legislature. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). To the extent the complaint seeks monetary damages for a constitutional violation, no claim is stated. At most plaintiff's claims describe circumstances which make utilization of his license to operate a cab more difficult by persons other than the defendants. There has been no deprivation of a property or liberty interest by the state or the municipality by its failure to discipline other cab drivers. *See DeShaney v. Winnebago County Dept of Social Services*, 489 U.S. 189, 196 (1989) (due process clause is a limitation on a state's power to act, not a guarantee of minimal levels of safety and security). Additionally, plaintiff's equal protection claim fails inasmuch as there is no allegation he has been deprived of anything to which he is otherwise entitled on the basis of his race, religion, nationality, or other suspect classification. *See City of Cleburne v. Cleburne Living Center*, 473 U. S. 432, 439 (1985). The Equal Protection Clause is essentially a directive that persons similarly situated should be treated alike. *Id.* Plaintiff does not allege that other cab drivers are afforded protections he is denied.

Absent a federal cause of action, this court does not have jurisdiction to consider the merits of plaintiff's claims.[1] Accordingly, by separate order which follows, the complaint shall be dismissed for failure to state a claim upon which relief may be granted.

Jan. 13, 2014
Date

James K. Bredar
United States District Judge

---

[1] All parties involved in the complaint are residents of Maryland; therefore there is no basis for diversity jurisdiction. See 28 U.S.C. §1332(a).